NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN SMITH, et al,

        Plaintiffs,

v.

GAVIN BISHOP, et al.,

        Defendants.

Civil Action No. 20-12526 (MAS) (ZNQ)

MEMORANDUM OPINION

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Corrosion Control Specialists, Inc., ("CCSI"), Allen Bishop, and Pat Bishop's (collectively, "Foreign Defendants") Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).[1] (Defs.' Moving Br., ECF No. 8.) Plaintiffs Kevin Smith and Joanna Smith (collectively, "Plaintiffs") opposed (Pls.' Opp'n Br., ECF No. 10), and Defendants replied. (Defs.' Reply Br., ECF No. 13). The Court has carefully considered the parties' submissions. For the reasons set forth below, the Court grants Foreign Defendants' motion to dismiss with leave to amend.

**I.    BACKGROUND[2]**

Plaintiff Kevin Smith is a New Jersey citizen employed by Belcan Services LLC ("Belcan"). (Compl. ¶¶ 7, 13, ECF No. 1.) Plaintiff Joanna Smith is a New Jersey citizen, and is

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.
[2] For the purposes of deciding a 12(b)(2) and 12(b)(6) motion, the Court accepts as true the factual allegations of the Complaint. *See Toy "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Kevin Smith's lawful spouse. (*Id.* ¶ 8.) Defendant CCSI is a corporation with its principal place of business in Florida. (*Id.* ¶ 9.) Defendant Gavin Bishop is a Florida citizen, and is an employee of CCSI. (*Id.* ¶ 10.) Defendants Allen Bishop and Pat Bishop are Florida citizens, and are owners or principals of CCSI. (*Id.* ¶ 11.) Belcan was responsible for the repairs and maintenance of a U.S. Naval vessel known as the Patuxent located at the Philadelphia Naval Shipyard in Philadelphia, Pennsylvania. (*Id.* ¶ 14.) Belcan hired CCSI pursuant to a subcontract to perform various tasks associated with the Patuxent project. (*Id.* ¶ 15.) Kevin Smith was assigned by Belcan to oversee and inspect work performed by CCSI. (*Id.* ¶ 16.)

On September 16, 2018, Kevin Smith met with Gavin Bishop and Allen Bishop at a restaurant in Maple Shade, New Jersey. (*Id.* ¶ 17.) Plaintiffs allege that during the course of the meeting, Gavin Bishop became "increasingly hostile and belligerent" towards Kevin Smith. (*Id.* ¶ 18.) Allen Bishop left the restaurant first. (*Id.* ¶ 19). Kevin Smith subsequently left the restaurant. (*Id.* ¶ 20.) While waiting for transportation, Gavin Bishop struck Kevin Smith in the head from behind, which rendered Kevin Smith unconscious. (*Id.*) Gavin Bishop continued to strike Kevin Smith before eventually leaving the scene. (*Id.* ¶ 21.)

Plaintiffs allege that Gavin Bishop was acting within the scope of his employment when he attacked Kevin Smith. (*See id.* ¶ 17.) Plaintiffs further allege that Foreign Defendants were aware of Gavin Bishop's history of violence. (*Id.* ¶ 22.) Foreign Defendants, however, contend that the meal in a New Jersey restaurant did not constitute a business meeting, and thus Gavin Bishop was not acting within the scope of his employment at the time he struck Kevin Smith. (Defs.' Moving Br. *21; Defs.' Reply Br. *5–6.[3])

---

[3] Page numbers preceded by an asterisk refer to the page number on the ECF header.

Plaintiffs raise five causes of action before the Court: Count I, the assault and battery committed by Gavin Bishop (Compl. ¶¶ 24–26); Count II, Defendant CCSI's vicarious liability relating to Count I (*Id.* ¶¶ 27–31); Count III, Defendants Allen Bishop, Pat Bishop, and CCSI's negligent hiring of Gavin Bishop (*Id.* ¶¶ 32–34); Count IV, Defendants Allen Bishop, Pat Bishop, and CCSI's negligent supervision or retention of Gavin Bishop (*Id.* ¶¶ 35–37); and Count V, Plaintiff Joanna Smith's per quod claim as a result of her husband Kevin Smith's injury (*Id.* ¶¶ 38–40). In addition, under all five counts, Plaintiffs demand "relief jointly and sever[al]ly from all Defendants." (*See generally id.*)

Foreign Defendants move to dismiss all counts for lack of personal jurisdiction and failure to state a claim insofar as they pertain to CCSI, Allen Bishop, and Pat Bishop. (*See generally* Defs.' Moving Br.) Foreign Defendants also contend that the Certification of Kevin Smith, submitted fifty-five days after Plaintiffs filed their Complaint, was improperly filed and should be disregarded by the Court. (Defs.' Reply Br. *4, *11 n.1.) Plaintiffs oppose the dismissal and argue that, in the alternative, the case should be transferred to a federal district court in Florida. (Pls.' Opp'n Br. *10–11.) In addition, Plaintiffs ask the Court to accept the Certification of Kevin Smith because it was inadvertently omitted from the original filing. (Pls.' Certification *1, ECF No. 12.)

## II. LEGAL STANDARD

For purposes of a motion to dismiss pursuant to Rule 12(b)(2), the "plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. . . . not mere allegations." *Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (internal quotation marks and citation omitted); *see also Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). When the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have

3

its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

## III. DISCUSSION

Here, Counts II, III, and IV fail to establish personal jurisdiction as to the Foreign Defendants. A defendant may be subject to either the general or specific jurisdiction of the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984); *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). Here, the Court lacks both general jurisdiction and specific jurisdiction over the Foreign Defendants.

### A. No General Jurisdiction as to the Foreign Defendants

Plaintiffs have the burden of establishing personal jurisdiction. Here, Plaintiffs provide no competent evidence to establish general jurisdiction. Defendants, on the other hand, put forward affidavits establishing that fewer than 1% of CCSI's projects were in New Jersey. *See Daimler AG v. Bauman*, 571 U.S. 117, 123 (2014) (holding that California did not have general jurisdiction over Daimler, even though "over 10% of all sales of new vehicles in the United States [took] place in California"). Plaintiffs offer nothing in rebuttal to this testimony, nor is there much of any argument by Plaintiffs that general jurisdiction exists over CCSI. On this record, the Court cannot find that it has general jurisdiction over CCSI.

Similarly, Plaintiffs have not established general jurisdiction for Defendants Allen Bishop and Pat Bishop. General jurisdiction for individual defendants is based either on their domicile or presence within a jurisdiction when they are served. *See Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 433–34 (E.D. Pa. 2015). In addition, defendants can also consent to general jurisdiction of a forum state. *See id.* at 434. Here, the parties agree that Defendants Allen Bishop and Pat Bishop are domiciled in Florida, and Plaintiffs have not alleged any facts as to where these

4

two defendants were served. Lastly, Allen Bishop and Pat Bishop have not consented to this Court's exercise of general jurisdiction. The Court, therefore, cannot find that it has general jurisdiction over Defendants Allen Bishop and Pat Bishop.

### B. No Specific Jurisdiction as to the Foreign Defendants

To determine whether this Court can exercise specific jurisdiction over non-resident entity CCSI and non-residents Allen Bishop and Pat Bishop, the Court looks at whether New Jersey's long-arm statute permits such exercise of jurisdiction. New Jersey's long-arm statute permits the exercise of jurisdiction to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. N.J. Ct. R. 4:4-4(b)(1). Exercising specific jurisdiction to the extent allowed by the Due Process Clause requires the Court to determine that: (i) the non-resident defendant has sufficient "minimum contacts" with the forum state; and (ii) the exercise of jurisdiction over the non-resident defendant would not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

#### 1. Sufficient Minimum Contacts Are Lacking

In analyzing whether a non-resident defendant meets the requirements of sufficient "minimum contacts," courts in the Third Circuit look to whether the contacts are "purposefully directed" at a resident of the forum state, where "the injury arises from or is related to those activities," such that the defendant should reasonably anticipate being haled into court there. *Deutz*, 270 F.3d at 150; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Specifically, a defendant's purposefully directed activities are those activities in which the defendant "purposefully avails itself of the privilege of conducting activities within the forum State," and thereby invokes "the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 109 (1987) (quotations omitted).

5

Here, Foreign Defendants purposefully directed their activities in the forum state by operating ten projects in New Jersey. (P. Bishop Decl. ¶ 9, ECF No. 8-2.) The injury to Kevin Smith, however, did not arise from any of those ten projects, thus the injury did not arise from and was not related to Foreign Defendants' purposeful availment of activities in New Jersey. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 318 (3d Cir. 2007) ("Identifying some purposeful contact with the forum is but the first step in the specific-jurisdiction analysis. The plaintiffs' claims must also 'arise out of or relate to' at least one of those contacts") (internal citation omitted). In addition, Plaintiffs argue Foreign Defendants elected to have the meal in New Jersey that eventually led to Kevin Smith's injury. (Pls.' Opp'n Br. *8.) Plaintiffs, however, have not alleged enough facts in their Complaint to support the contention that Foreign Defendants elected to have the meal in New Jersey. (*See* Compl. ¶ 17, stating that "plaintiff Kevin Smith *met* with Allen Bishop and Gavin Bishop at a restaurant in Maple Shade, New Jersey . . . " (emphasis added).) Plaintiffs have not pleaded, in their original Complaint or through sworn affidavits or other competent evidence, facts to support the contention that Foreign Defendants purposefully requested or arranged for the meal to take place in New Jersey. *See Patterson*, 893 F.2d at 604. Plaintiffs, therefore, have failed to establish a prima facie case of sufficient minimum contacts. *See Miller Yacht*, 384 F.3d at 97.

2. Reasonableness Is Lacking

Even if a non-resident defendant has sufficient minimum contacts with the forum state, the defendant's contacts must be reasonable so that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See World-Wide Volkswagen*, 444 U.S. at 292 (internal quotation omitted). In analyzing whether exercising personal jurisdiction over the non-resident defendant would be reasonable, and not offend traditional notions of fair play and substantial justice, courts will consider factors such as the: (1) burden on the defendant; (2) forum

state's interest in adjudicating the dispute; (3) plaintiff's interest in obtaining convenient and effective relief; (4) interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) shared interest of the several states in furthering fundamental substantive social policies. *See id.* at 295.

The arguments presented by Plaintiffs here are not well articulated. (*See* Pls.' Opp'n Br. *10–11.) It appears that Plaintiffs are not making an explicit reasonableness argument, but merely restating their legal positions on the issue of personal jurisdiction. (*See id.*) To the extent that Plaintiffs argue the burden on Defendants to defend the lawsuit in New Jersey is low, this is unpersuasive. Based on the facts proffered in the Complaint, Plaintiffs have failed to establish that Foreign Defendants could reasonably foresee needing to defend a lawsuit in New Jersey, because as the Court stated earlier, Plaintiffs have failed to establish sufficient minimum contacts between Foreign Defendants and New Jersey. Plaintiffs also argue that Foreign Defendants "engaged in business related conduct" in New Jersey, and Foreign Defendants "purposefully placed their employee/agent (Gavin) into the state establishing significant contact with the forum." (*Id.* at *9–10.) Again, Plaintiffs have not provided the Court with enough facts to support the contention that Foreign Defendants purposefully placed Gavin into New Jersey as the Complaint is not clear on which party proposed New Jersey to be the location of the meal. (*See* Compl. ¶ 17.)

On the other hand, the fact that the alleged assault and battery was committed in New Jersey tends to support New Jersey's interest in adjudicating the dispute. Nevertheless, since Plaintiffs have failed to clearly articulate their reasonableness arguments, the Court finds that Plaintiffs have failed to satisfy the reasonableness prong.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Foreign Defendants' motion to dismiss for lack of personal jurisdiction. The Court shall afford Plaintiffs the opportunity to file an Amended Complaint.[4]

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court declines to reach the alternative request to transfer. Should Plaintiffs' Amended Complaint fail to allege facts adequate to establish specific personal jurisdiction and either party raises a transfer request, the Court will consider the request at that time. The Court also defers consideration of Plaintiffs' 12(b)(6) arguments pending its determination regarding personal jurisdiction.

8